# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BYRON GARNETT,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:06-CV-00933-JCM-(RJJ)

**ORDER**

    Petitioner has submitted a First Amended Petition for a Writ of Habeas Corpus (#29). The Court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondents may respond to the First Amended Petition (#29).

    In the Eighth Judicial District Court, a jury found Petitioner guilty of burglary while is possession of a deadly weapon and two (2) counts of robbery with the use of a deadly weapon. The judge found Petitioner guilty of possession of a firearm by an ex-felon. The judge sentenced Petitioner to imprisonment on all counts. Petition, p. 4 (#29). Petitioner's direct appeal and post-conviction litigation in state court were unsuccessful. Id., pp. 5-10.

    A note on Ground Four is in order. Petitioner claims that he is actually innocent, and thus that his conviction violates his federal constitutional rights. Petition, pp. 15-17 (#29). "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). The Supreme Court of the United States has considered, for the sake of argument, whether an actually innocent person can be executed. House

1 v. Bell, 126 S. Ct. 2064, 2086-87 (2006); Herrera, 506 U.S. at 417-19.  However, this possible
2 exception is inapplicable because Petitioner is not sentenced to death.  Petitioner's cited authority,
3 Schlup v. Delo, 513 U.S. 298 (1995), expanded upon the statement in Herrera that actual innocence
4 is a gateway to consideration of a procedurally defaulted constitutional claim.  Schlup did not hold
5 that actual innocence is a free standing constitutional claim.  See Smith v. Baldwin, 510 F.3d 1127,
6 1139-40 (9th Cir. 2007) (en banc).  Ground Four, by itself, is without merit on its face.  However,
7 the Court will not dismiss the ground at this point, in case Respondents argue that some claims are
8 procedurally defaulted.

9   IT IS THEREFORE ORDERED that Respondents shall have forty-five (45) days
10 from the date on which this Order is entered to answer, or otherwise plead to, the Amended Petition
11 (#29).  If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules
12 Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have
13 forty-five (45) days from the date on which the answer is served to file a reply.

14   DATED:  February 15, 2008.

16                                                                  _____
17                                                                  JAMES C. MAHAN
                                                                    United States District Judge

-2-